ERIC P. JONES, State Bar No. 188524
LAW OFFICES OF ERIC P. JONES
4043 PIEDMONT AVENUE SUITE 254
OAKLAND, CA 94611
(510) 482-0936 Fax (510) 482-1908

Attorney for Plaintiffs
Americans with Disabilities Advocates and
GEORGE S. LOUIE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICANS WITH DISABILITIES ADVOCATES, a Nevada Nonprofit Corporation and GEORGE S. LOUIE<br><br>Plaintiffs,<br><br>vs.<br><br>J. SCOTT AND COMPANY, 175 BARNEVELD AVENUE, SAN FRANCISCO, CA<br><br>Defendant. | **Case No.:**<br>**CIVIL RIGHTS**<br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DISCRIMINATION AGAINST PERSONS WITH DISABILITIES; AMERICANS WITH DISABILITIES ACT OF 1990; CAL. CIVIL CODE §§54, ET SEQ.; CAL. CIVIL CODE §§51, ET SEQ.; CAL. CIVIL CODE §3345;CAL. HEALTH & SAFETY CODE §§19955, ET SEQ.; CAL. BUS. & PROF. CODE §17200, ET SEQ.; NEGLIGENCE; DECLARATORY RELIEF; DAMAGES FOR PERSONAL INJURY**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiffs complain of DEFENDANT herein and allege that:

AMERICANS WITH DISABILITIES ADVOCATES is a Nevada Nonprofit Corporation organized with the principal purpose of helping to eliminate discrimination against individuals with disabilities by ensuring public facilities are in compliance with laws intended to provide

access to housing, public buildings, transportation, goods, and services and to make sure that people with disabilities are treated with dignity.

In addition, AMERICANS WITH DISABILITIES ADVOCATES ensures that disabled persons are offered the same opportunities extended to people without disabilities and helps to educate persons with disabilities about the laws related to them.

Members of AMERICANS WITH DISABILITIES ADVOCATES are primarily individuals with disabilities and persons related to individuals with disabilities. Membership includes residents throughout United States.

As a result of their disabilities, certain accommodations are necessary to allow AMERICANS WITH DISABILITIES ADVOCATES members access to public buildings, transportation, goods and services.

AMERICANS WITH DISABILITIES ADVOCATES is committed to serving the needs of all disabled people and fully support the Americans With Disabilities Act of 1990, California Disabled Persons Act and Unruh Civil Rights Act.

AMERICANS WITH DISABILITIES ADVOCATES believe the goals and objectives of these laws will enhance the quality of our society; that the American economy will be made stronger by businesses that reach out to include all segments of the population; and that these laws ultimately help to invigorate the economy by bringing more individuals with disabilities into the consumer mainstream.

It is also AMERICANS WITH DISABILITIES ADVOCATES' belief that meaningful effort to do so will offer many more opportunities to participate fully in the economic and social mainstream. There can be no question that the American Disabilities Act, passed in 1990, established as law the nation's interest in eradicating the bigotry and barriers faced by individuals with disabilities 42 U.S.C. §12101 et seq (hereafter "ADA"). In fact, the ADA states its first goal as being "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." See, 42 U.S.C. §12101 (b) (1) (1999). The ADA creates possibility that successful plaintiffs may establish permanent changes in the design and physical configuration of structures to better accommodate the disabled 42 U.S.C.

§12101 (A) (5). The benefits of each changes clearly rebound not only to plaintiffs themselves, but also to similarly situated disabled persons, and the entire society at large. As a result, plaintiffs or plaintiffs classes who bring and pursuant to the ADA do so in this role of "private attorneys general" who seek to vindicate "a policy of the highest priority" See, Christiansburg Garment Co v EEOC, 434 U.S. 412, 417, 98 S.Ct. 694, 698 (discussing ADA plaintiffs as private attorneys general); Rosenberg v Merill Lynch, Pierce, Fenner & Smith, Inc., 170 F.3d 1, 11 (1st Cir, 1999).

2. GEORGE S. LOUIE is the Executive Director of the AMERICANS WITH DISABILITIES ADVOCATES and is a physically disabled person who uses a wheelchair for mobility.

3. DEFENDANT owns, operates and/or maintains a public accommodation as J. SCOTT AND COMPANY (hereinafter, collectively referred to as J. SCOTT AND COMPANY located in the City of SAN FRANCISCO, County of SAN MATEO, State of California. This case arises out of DEFENDANT' failure to provide the minimum legally required access to its public accommodations for persons with disabilities.

4. J. SCOTT AND COMPANY provides inadequate access to people with disabilities, including, inter alia: No handicapped parking and lack of handicap signage and striping, also no van accessibility handicap parking. See Exhibit A, Outside Signage; See Exhibit B, No handicapped parking and no handicap signage or striping, or van accessible parking; Also See Exhibit C, U.S. Department of Justice Van-Accessible Parking Regulations. These barriers make it impossible for persons with mobility disabilities, such as the plaintiffs, to gain access to this facility.

**JURISDICTION**

5. This Court have subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1343(a)(3) and 1343(a)(4) for claims arising under the Americans With Disabilities Act of 1990, 42 U.S.C. sections 12101, et. seq. Plaintiff's cause of action arose in this district J. SCOTT AND COMPANY are residents of SAN FRANCISCO, California.

6. Under the doctrine of pendant and supplemental jurisdiction, this Court have jurisdiction over plaintiffs' claims arising under California State law.

**VENUE**

7. Pursuant to 28 U.S.C. section 1391(b), venue is proper in the District in which this complaint is filed, which is the judicial district in which the claim have arisen. J. SCOTT AND COMPANY is a California, corporation.

**FACTUAL ALLEGATIONS**

8. The Attorney General of the State of California believes that the former $1,000.00 damage award is unlikely to have sufficient deterrent effect on the discriminatory practices of a large company.  DEFENDANT may have had hundreds or thousands of transactions that violated the Americans with Disabilities Act of 1990 and the California's Unruh Civil Rights Act and which would have unjustly enriched them.  Thus, the prospect of paying an occasional four thousand dollars ($4,000.00) damage award due to a discriminatory practice may be calculated as an absorbable cost of doing business. The minimum amount was increased to at least $4,000.00.  See California's Unruh Civil Rights Act Section 52(a), Amended January 1st, 2002. This legislation was supported by California Attorney General, Anti-Defamation League and California School Employees Association.

9. California's Unruh Civil Rights Act, Civil Code Section 52(a) reads as follows: Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5 or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000.00), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6. Amended January 1st, 2002.

COMPLAINT -4-

10. The United States Court of Appeals for the Ninth Circuit in <u>Botosan</u> vs. <u>Paul McNally Realty</u>, 216 F.3rd 827 at 835 (June 20, 2000) held that, "Consumer was entitled to award of statutory minimum damages under California's Unruh Civil Rights Act, even without prove of actual damages", and "Proof of actual damages is not prerequisite to recovery of statutory minimum damages under California's Unruh Civil Rights Act." West's Ann.Cal.Civ.Code §52.

11. Within the last 8 months before the filing of this complaint, Plaintiff GEORGE S. LOUIE visited J. SCOTT AND COMPANY and Plaintiff will visit this facility on a regular basis when it comes into compliance with state and federal law

12. There is no handicap parking and lack of handicap signage and striping, also no van accessibility handicap parking.

13. J. SCOTT AND COMPANY have the following violations:

    a. There is no handicapped parking and lack of handicapped signage and striping. Code citation: Each Parking space reserved for persons with disabilities shall be identified by a reflectorized sign permanently posted immediately adjacent to and visible from each stall or space, consisting of a profile view of a wheelchair with occupant inn white on dark blue background. The sign shall not be smaller than 70 square inches (4516 mm squared) in area and, when in a path of travel, shall be posted at a minimum height of 80 inches (2032 mm) from the bottom of the sign to the parking space finished grade. Signs may also be centered on the wall at the interior end of the parking space at a minimum height of 36 inches (914 mm) from the parking space finished grade, ground or sidewalk. Spaces complying with Section 1129B.4, Item 2 shall have an additional sign stating "Van-Accessible" mounted below the symbol of accessibility. An additional sign shall also be posted also be posted in a conspicuous place at each entrance to off-street parking facilities, or immediately adjacent to and visible from each stall or space. The sign shall not be less than 17 inches by 22 inches (432 mm by 559 mm0 in size with lettering

not less than 1 inch (25 mm) in height, which clearly and conspicuously states the following:

"Unauthorized vehicles parked in designated accessible spaces not displaying distinguishing placards or license plates issued for persons with disabilities may be towed at owners expense. Towed vehicles may be reclaimed at _____ or by telephoning) _____ ."

b. The parking lot is not level. CODE CITATION: surface slope of accessible parking spaces shall be the minimum possible and shall not exceed 1 unit vertical to 50 (1:50) units horizontal (2% slope) in any direction. (CBC 1129B.4.4)

c. There is no van accessible space provided. Code citation: One in every eight accessible spaces, but not less than one, shall be served by an access aisle 96 inches wide minimum ad shall be designated van accessible as required by Section 1129B.5. All such spaces may be grouped to one level of a parking structure. (CBC 1129B.4.2)

15. The inaccessibility of J. SCOTT AND COMPANY to persons with disabilities is illegal, degrading and humiliating.

16. Many of the actions which DEFENDANT failed to make J. SCOTT AND COMPANY accessible to persons with disabilities were readily achievable, required by law, and would have greatly assisted persons with disabilities at little expense to DEFENDANT.

**PARTIES**

17. Plaintiff GEORGE S. LOUIE is an individual with a physical disability within the meaning of all applicable statutes, including the ADA, 42 United States Code section 12101, et seq., California Civil Code sections 54 et. seq., California Business and Professions Code sections 17200, et seq., and California Health and Safety Code sections 19955, et seq. Plaintiff George LOUIE is a physically disabled or "physically handicapped" person who often requires use of a wheelchair to travel about in public places. Mr. LOUIE is a diabetic whose physical conditions required the amputation of his right leg in 1996. Although he sometimes can walk

COMPLAINT                                                                                          -6-

with the aid of a prosthesis, at other times difficulties with sores on the stump of his amputated leg, make use of the prosthesis difficult or impossible and requires that he use a wheelchair in order to travel about in public.

18.   DEFENDANT J. SCOTT AND COMPANY headquarters in SAN FRANCISCO, CA is a for-profit partnership that owns, operates, maintains and/or controls retail establishments located in the City of SAN FRANCISCO, County of SAN MATEO, State of California.

19.   Plaintiffs are informed and believe, and therefore allege, that J. SCOTT AND COMPANY business was newly built and/or underwent substantial remodeling, repairs or alterations after 1971.

20.   DEFENDANT have known that J. SCOTT AND COMPANY violated disability access requirements and standards, but have refused to rectify the violations.

### FIRST CLAIM

(Violation of the Americans With Disabilities Act)

21.   Plaintiffs incorporate by reference herein the allegations in paragraphs 1-20, inclusive.

22.   DEFENDANT' acts and omissions alleged herein are in violations of the ADA, 42 U.S.C. sections 12101, et. seq., and the regulations promulgated thereunder, 28 Code of Federal Regulations Part 36.

23.   J. SCOTT AND COMPANY is a public accommodation covered by Title III of the ADA.

24.   DEFENDANT have failed to remove barriers to be accessed by persons with disabilities at J. SCOTT AND COMPANY where such barriers are readily achievable.

25.   DEFENDANT have failed to provide necessary auxiliary aids and services at J. SCOTT AND COMPANY where provision of such auxiliary aids and services does not pose an undue burden.

26.   DEFENDANT have failed to modify policies and procedures at J. SCOTT AND COMPANY to ensure equal access for persons with disabilities.

27. DEFENDANT' conduct constitutes ongoing and continuous violations of the ADA and, unless restrained from doing so, DEFENDANT will continue to violate said law. Said conduct, unless enjoined, will continue to inflict injuries for which plaintiffs have no adequate remedy at law. Consequently, plaintiffs are entitled to injunctive relief pursuant to section 308 of the ADA (42 U.S.C. §12188). Plaintiffs are also entitled to recover reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

## SECOND CLAIM

(Violation of Cal. Civ. Code §§54, et. seq.)

28. Plaintiffs incorporate by reference herein the allegations in paragraphs 21-27, inclusive.

29. The SUBJECT FACILITY constitutes a public accommodation within the meaning of California Civil Code sections 54.1 and 54.3.

30. DEFENDANT have violated plaintiffs' rights by denying them full and equal access to and use and enjoyment of J. SCOTT AND COMPANY and in doing so, DEFENDANT have acted willfully and maliciously.

31. DEFENDANT' actions constitute a violation of plaintiffs' rights under California Civil Code sections 54, et. seq., and therefore, plaintiffs are entitled to injunctive relief remedying the violations. Plaintiffs are also entitled to damages under California Civil Code section 52(a).

32. Plaintiffs are also entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

## THIRD CLAIM

(Violation of Cal. Civ. Code §§51,and §§52(a) et.seq.)

33. Plaintiffs incorporate by reference herein the allegations in paragraphs 28-32, inclusive.

34. The conduct of DEFENDANT is in violation of California Civil Code sections 51, et. seq., the Unruh Civil Rights Act, in that patrons of the SUBJECT FACILITY who have physical disabilities have either not been provided services and facilities that are provided to other persons or have been provided services and facilities that are not equal to, and are inferior to, the services provided to persons who do not have disabilities.

35. DEFENDANT have committed additional violations of the Unruh Civil Rights Act, in that the conduct alleged herein constitutes a violation of various provisions of the ADA, 42 U.S.C. sections 12101, et. seq., as set forth below.

36. The conduct of the DEFENDANT was and is in violation of the Unruh Civil Rights Act, California Civil Code sections 51, et. seq., and therefore Plaintiffs are entitled to injunctive relief remedying the violations. Plaintiffs are also entitled under California Civil Code section 52 to damages.

37. Plaintiffs are also entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

### FOURTH CLAIM

(Violation of Cal. Health &
Safety Code §§19955, et. seq.)

38. Plaintiffs incorporate by reference herein the allegations in paragraphs 33-37, inclusive.

39. The SUBJECT FACILITY is a public accommodation within the meaning of California Health and Safety Code section 19955 and DEFENDANT have constructed and/or altered the SUBJECT FACILITY within the meaning of California Health and Safety Code section 19959. The actions of DEFENDANT constitute a denial of access to and use of the SUBJECT FACILITY by persons with physical disabilities.

40. DEFENDANT' failure to fulfill its duty to provide access have caused Plaintiffs to suffer injury.

41.  As a result of DEFENDANT' violation of Health and Safety Code sections 19955, et. seq., described herein, Plaintiffs are entitled to injunctive relief pursuant to Health and Safety Code section 19953.

WHEREFORE, Plaintiffs request relief as set forth below.

## FIFTH CLAIM

(Unfair Business Practice – Injunctive Relief Only;
Cal. Bus. & Prof. Code §§17200, et. seq.)

42.  Plaintiffs incorporate by reference herein the allegations in paragraphs 38-41, inclusive.

43.  DEFENDANT' conduct, as alleged, is part of a general business practice by DEFENDANT.  DEFENDANT have made a considered decision to promote profit at the expense of DEFENDANT' legal obligations to patrons with disabilities.

44.  DEFENDANT' policies and practices constitute an unfair business practice within the meaning of California business and Professions Code sections 17200, et. seq., in that inter alia, DEFENDANT appeals to, advertises to, and purports to serve persons with disabilities, yet DEFENDANT' facility is inaccessible and illegal, in violation of public policy.

45.  Plaintiffs are entitled to an injunction restraining DEFENDANT from engaging in any act or omission, or failing to engage in any act or omission, the effect of which is to cause, directly or indirectly, discrimination by DEFENDANT against persons with disabilities.

46.  Plaintiffs are also entitled to attorney's fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

## SIXTH CLAIM
(Negligence)

47.  Plaintiffs incorporate by reference herein the allegations in paragraphs 42-46, inclusive.

48.  DEFENDANT had and continues to have a duty to exercise ordinary care.

49. DEFENDANT failed, and continues to fail, to exercise ordinary care.

50. As an actual and proximate result of DEFENDANT' failure to exercise ordinary care, Plaintiffs suffered damages is an amount to be determined by proof.

51. At all times relevant hereto, there was in effect, the Americans With Disabilities Act, California Civil Code sections 51, et. seq., California Civil Code sections 54, et. seq., and California Health and Safety Code sections 19955, et. seq., all of which have required that public accommodations and facilities provide services to people with disabilities which are equal to, and are not inferior to, the services provided to patrons who are not physically disabled.

52. DEFENDANT' acts and omissions alleged herein, are in violation of statutory requirements (including, but not limited to, the Americans With Disabilities Act, California Health and Safety Code sections 51, et. seq., California Business and Professions Code section 17200, et. seq., and public policy, which statues are designed to protect persons with disabilities from the type of harm inflicted on Plaintiffs.

53. DEFENDANT' conduct thus constitutes negligence and negligence per se.

WHEREFORE, Plaintiffs request relief as set forth below.

## SEVENTH CLAIM

(Declaratory Relief)

54. Plaintiffs incorporated by reference herein the allegations in paragraph 47-53, inclusive.

55. Plaintiffs contend, and are informed and believe that DEFENDANT denies that the SUBJECT FACILITY fails to comply with applicable laws prohibiting discrimination against persons with disabilities and are in violation of statues including, but not limited to, California Civil Code sections 54, et. seq., California Civil Code sections 51, et. seq., the ADA, Business and Professions Code section 17200, et. seq., and California Health and Safety Code sections 19955, et. seq.

56. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiffs request relief as set forth below.

### EIGHTH CLAIM

(VIOLATION OF CALIFORNIA CIVIL CODE, SECTION §3345, UNFAIR OR DECEPTIVE PRACTICES AGAINST SENIOR CITZENS OR DISABLED PERSONS, TREBLE DAMAGES)

57. Plaintiffs incorporate by reference paragraphs 54-56 above.

58. This section shall apply only in actions brought by, on behalf of, or for the benefit of senior citizens or disabled persons as those terms are defined in subdivisions (f) and (g) of Section 1761, to redress unfair or deceptive acts or practices or unfair methods of competition.

59. Whenever a trier of fact is authorized by a statute to impose either a fine, or a civil penalty or other penalty, or any other remedy the purpose of effect of which is to punish or deter, and the amount of the fine, penalty, or other remedy is subject to the trier of fact's discretion, the trier of fact shall consider all of the following faction, in addition to other appropriate factors, in determining the amount of fine, civil penalty or other penalty, or other remedy in an amount up to three times greater than authorized by the statute, or, where the statute does not authorize a specific amount, up to three time greater than the amount the trier of fact would impose in the absence of that affirmative finding:

60. The defendant knew or should have known that his or her conduct was directed to one or more senior citizens or disabled persons.

### RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for judgment as follows:

1. An order and judgment enjoining DEFENDANT from violating the ADA, 42 United States Code sections 12101, et. seq., California Civil Code sections 51, et. seq., California Health and Safety Code sections 19955, et. seq., and California Business and Professions Code sections 17200, et. seq.;

COMPLAINT                                        -12-

2. A declaration that the SUBJECT FACILITY is designed and operated in a manner which discriminates against persons with physical disabilities and which fails to provide full access for persons with disabilities as required by law;

3. Damages in an amount to be determined by proof;

4. Damages pursuant to California Civil Code sections 52(a) and section 1021.5 Code of Civil Procedure;

5. Treble damages pursuant to California Civil Code section 3345;

6. Pre-judgement interest pursuant to section 3291 of the Civil Code;

7. All damages as afforded by Civil Code section 54.3 for which the DEFENDANT have denied to Plaintiff equal access for the disabled;

8. Plaintiff's reasonable attorney's fees and costs;

9. Such other and further relief as the Court deems just and proper.

DATED:  December 23, 2002

                                              ERIC P.JONES , Esq.
                                              Attorney for Plaintiffs
                                              Americans With Disabilities
                                              Advocates, and George S. Louie

## DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demands a jury for all claims for which a jury is permitted.

Dated: December 23, 2002

                                              ERIC P.JONES , Esq.
                                              Attorney for Plaintiffs
                                              Americans With Disabilities
                                              Advocates, and George S. Louie